JUDGE ROBERTSON
delivered the opinion of the court:
On the 24th of November, 1864, an execution in favor of Wesley Sparks against Ansel C. Shropshire, for four *551 hundred and forty-seven dollars and eighty-four cents, with interest from the 7th of April, 1869, was levied on thirty fat hogs then in the possession of the debtor. On the 25th of the same month, Frank Shropshire as principal, and John W. Carter as his surety, executed the following forthcoming bond: “We, Frank Shropshire, claiming to be principal, and John Carter, surety, bind ourselves that the property mentioned in the following schedule — -thirty fat hogs — shall be forthcoming at the residence of John Carter, on the 5th day of December next, by the hour of twelve o’clock in the day, it being the property of Ansel C. Shropshire, levied on by C. S. McMillan, deputy sheriff of Harrison county, under an execution in favor of Wesley Sparks, and against said Ansel C. Shropshire, which issued from the Harrison circuit court. Witness our hands this 25th day of November, 1864.
“ Frank Shropshire,
“John W. Carter.
“Att: C. S. McMillan, S. H. C.”
On the same day, Ansel C. Shropshire sold the same hogs to John Carter.
Three day's afterwards, to-wit: on the 28th of November, 1864, Frank Shropshire, with J. M. Kembrough as his surety, executed a claimant’s bond, and, consequently, the hogs were never delivered to the sheriff.
On written motion and notice for statutory judgment on the claimant’s bond, a jury, on an issue involving the right of property, returned a verdict in favor of Frank Shropshire, on which the circuit court rendered judgment in bar of the motion.
On this appeal from that judgment the decisive question is, whether the recital in the forthcoming bond, of *552 ownership by A. C. Shropshire, operates as an estoppel against any evidence to prove that Frank Shropshire was then the owner of the hogs.
We cannot consistently interpret the recital otherwise than as an admission that A. C. Shropshire owned the hogs; and, therefore, as the bond-suspended a sale by the sheriff, and prevented a levy on any other property, the admission by deed, without any proof of fraud or mistake, must be deemed an estoppel, as urged by the appellant at the threshold of the trial.
The circuit court, therefore, erred in admitting testimony intended to prove that the appellee, F. Shropshire, and not A. C. Shropshire, was the owner of the •hogs levied on. Without that testimony, there would have been no pretext for the verdict.
Wherefore, the judgment is reversed, and the cause remanded for a re-trial, according to the principle of this opinion.